"White, J.
We see no error in the record. The controversy in the case, it is to be observed, arises between ■Smiley and the village as a corporation. The question in issue is, whether the land in dispute has been dedicated to public use as a part of Mary street ?
As the plat was not executed in accordance with the statute, it is clear there has been no statutory dedication. The only question, therefore, for determination is, whether there has been such a dedication of the premises, at common law, as will be effectual between the parties.
Smiley derives title under the conveyance from Long-worth to Yattier.
At the date of that conveyance there had been no acceptance of the proposed dedication either by the corporation or the public. It does not appear that the corporation was at that time in existence. Nor had there been any user of the premises in question as a street from which an acceptance by the public might be inferred.
The terms of the deéd to Yattier excluded the idea that the premises conveyed were subject to any such easement. *100 The deed conveyed the premises in fee-simple, and contained covenants of warranty and against incumbrances And, without undertaking to consider what might have been the effect of actual notice, it may be remarked that we find nothing in the evidence from which Vattier is chargeable with such notice of the proposed dedication by the plat, for a street, of any part of the premises conveyed. The same may be said in regard to notice to Smiley, at the time of the conveyance of the premises in question to him.
It is, however, contended for the plaintiff in error, that Smiley is estopped from denying the existence of Mary street on the premises. The estoppel is supposed to arise on two grounds: 1. From the conveyance of lot 47 by Howell and Longworth to Spader, taken in connection with the recognition of the plat in the subsequent deed from Howell to Longworth; and, 2. From the several conveyances to and by Smiley, in which the lots conveyed were-described as abutting on Mary street, and as they are numbered on the plat.
The answer to the first of these positions is, that whatever may have been the individual rights of Spader and those claiming under him, it was competent for Longworth,. as against the corporation, to revoke the proposed dedication at any time before it had been accepted by the corporation or by the public. Such revocation was effected by his conveyance of the premises to Vattier ; and in none of the subsequent deeds of the land in dispute has there been any recognition of the street.
As to the second position assumed as a ground of estoppel, the conveyances, to and by Smiley, of the lots abutting on Mary street, it is sufficient to say that they were all made after the revocation effected by the deed of Long-worth to Vattier. And while it is admitted that the descriptions in these deeds estop the parties to them from questioning the existence of Mary street, as respects the property conveyed by such deeds, yet such estoppel certainly can not operate so as to include that part of the *101 street, as laid out on the plat, the proposed dedication of which had been revoked at the time of the conveyances.

Leave refused.

McIlvaine, C. J., Welch, Res, and Gilmore, JJ., concurred.